UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                      Plaintiff, )  Case No. CR08-270 RSL
      v. )
                      )  **PROPOSED FINDINGS OF FACT AND**
LARRY DEAN SWIHART, )  **DETERMINATION AS TO ALLEGED**
                       )  **VIOLATIONS OF SUPERVISED**
                Defendant. )  **RELEASE**
                                        )

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on August 15, 2008. The defendant appeared following his arrest. The United States was represented by Kathryn Warma, and defendant was represented by Jennifer Wellman. Also present was U.S. Probation Officer Monique Neal. The proceedings were digitally recorded.

## CONVICTION AND SENTENCE

Defendant was sentenced on March 23, 2005 in CR-04-207-01-BR for unarmed bank robbery by the U.S. District Judge Honorable Anna J. Brown, District of Oregon. He received 39 months of imprisonment and three years of supervised release. Pursuant to an order dated August 6, 2008, defendant's supervised release was transferred to the Western District of Washington and defendant's case was assigned to Chief District Judge Robert S. Lasnik.

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

## PRIOR VIOLATIONS OR MODIFICATIONS

Defendant began his term of supervised release on April 19, 2007. On August 29, 2007, the District Court in Oregon modified defendant's supervision by requiring participation in a drug treatment program, prohibiting alcohol use, requiring disclosure of medical history to the probation department and prohibiting new credit charges.

## PRESENTLY ALLEGED VIOLATION AND
## DEFENDANT'S ADMISSION OF THE VIOLATION

In a petition dated July 14, 2008, Supervising U.S. Probation Officer Sara Gnewikow of the District of Oregon alleged that defendant violated the following conditions of supervised release:

1. Using a controlled substance and failing to submit to urine analysis testing. On August 27, 2007, defendant was enrolled in the random urine analysis telephone system. He failed to provide urine samples on February 19, May 21, May 29, and June 12, 2008. After failing to provide a urine sample on May 21, 2008, he was instructed by his probation officer to report for a urine test on May 22, 2008. That sample tested positive for opiates. Defendant admitted to using Vicodin without a valid prescription.

2. Failing to report to the probation officer as directed. Defendant was instructed to report to his probation officer, on June 10, 2008, to discuss his recent opiate use. On June 10, 2008, defendant left a voice message indicating that he would not be able to report on time due to car problems. However, defendant failed to report at all.

3. Failing to notify the probation officer within 72 hours of any change in residence. Defendant had been living with his sister's son at the time of his opiate use. Upon learning of his relapse, his sister asked him to move out of her son's residence. On June 27, 2008, the probation officer discovered that defendant was living at a friend's residence. On July 1, 2008, the

probation officer attempted to locate defendant at the friend's residents.  However, the friend stated that defendant had left the previous morning after packing his belongings and the friend had not seen him since that time.  In addition, the probation officer attempted to locate defendant by telephone, but to date defendant has failed to return any telephone messages.  Defendant's current whereabouts are unknown.

Defendant admitted the above violations, waived any hearing as to whether they occurred, and was informed that the matter would be set for a disposition hearing before District Judge James L. Robart.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the Court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.  The parties and probation department requested defendant be released on condition he enter an inpatient treatment program and abide by all previously ordered conditions of supervision.  An appearance bond was entered releasing defendant on those conditions.

DATED this 15th day of August, 2008.

                                    BRIAN A. TSUCHIDA
                                    United States Magistrate Judge